UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHERYLYNN COSTNER,<br><br>    Plaintiff,<br><br>v.<br><br>HARVARD BUSINESS SERVICES, INC., ET AL.,<br><br>    Defendants. | Case No. 2:23-cv-00539-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

## I.  INTRODUCTION

Pending before the Court is Plaintiff Cherylynn Costner's Complaint (Dkt. 1) and Application for Leave to Proceed in Forma Pauperis (Dkt. 2). Pursuant to 28 U.S.C. § 1915, this Court must review Costner's request to determine whether she is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the full filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Costner's complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2).

For the reasons explained below, the Court grants Costner's application to proceed in forma pauperis and allows her to pay a partial filing fee. The Court, however, dismisses Costner's Complaint without prejudice for failure to state a claim and grants Costner leave to file an amended complaint.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## II.  APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. *Id.* The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

The Court has reviewed Costner's In Forma Pauperis Application. The application reports that Costner's current gross income is nonexistent and that her family is helping her pay monthly bills of $1,500 - $1,750. (Dkt. 2 at pp. 1-2). Costner further contends she has $220 in savings and no outstanding debts. (*Id.* at p. 2). Notably, however, Costner fails to give any response to question five on the application, requesting a list of all assets of value. (*Id.*). Nevertheless, the Court believes Costner's affidavit illustrates her financial situation with "particular certainty."

Costner is clearly financially strapped.  It appears, however, that she can afford to pay a partial filing fee.  Accordingly, the Court finds Costner is unable to pay the entire $402 filing fee in this case but will not waive the bond requirement altogether. *See Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (observing courts have discretion to impose partial filing fees under in

forma pauperis statute). Given Costner's financial situation, the Court requires Costner to pay a $200 filing fee. *See id.* (noting that "[r]equiring the payment of fees according to a plaintiff's ability to pay serves the in forma pauperis statute's goal of granting equal access to the courts" while also "defraying some of the judicial costs of litigation").

### III.  SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, Costner has named seven defendants: Harvard Business Services, Inc.; Fallone, PLLC; John A. Fallone; Real Equity Investments, Inc.; Kathy Jennings; Jeffery Vollock; and Sheriff Nathan Sickler. (Dkt. 1 at pp. 2-3). Costner alleges the defendants acted in concert to "steal, wrongfully convert and cause death . . . ." Further, she alleges the defendants collectively

"turn a blind eye to criminal bank fraud, mail fraud, [and] threats of violence to cause [u]ndue [i]nfluence . . . ." (*Id.* at p. 5). Costner states her claims are brought under 42 U.S.C. § 1983, alleging generally that she was deprived of her civil rights. Costner has failed to state a claim upon which relief may be granted. The Court will, however, grant Costner forty-five (45) days to amend the complaint to remedy the following deficiencies.

To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff cannot simply restate standards of law in a complaint. Likewise, a plaintiff must provide more than conclusory statements that a defendant harmed the plaintiff. *Iqbal*, 556 U.S. at 678. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and the plaintiff's alleged injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Id.* at 679. Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Here, Costner's Complaint consists of conclusory statements, fails to plead the relevant legal standards for any claim, and does not clarify how the alleged facts support her claims. Additionally, Costner's Complaint is unclear as to each defendant's involvement in the alleged unlawful conduct. Although Costner provides her complaint is brought under 42 U.S.C. § 1983, she does not specify how the identified defendants were involved in an alleged violation of her constitutional rights.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

Accordingly, the Court dismisses Costner's Complaint without prejudice but grants her leave to file an amended complaint. If Costner chooses to amend her Complaint, she must state specific, plausible legal claims and provide sufficient factual background to support each claim.

## IV.  CONCLUSION

Although Costner appears to have limited financial resources, she does have sufficient funds to pay a partial filing fee. Additionally, upon review, the Court finds Costner has not stated any plausible claims for relief and must amend her Complaint.

## V.  ORDER

**IT IS ORDERED that:**

1. Costner's In Forma Pauperis Application (Dkt. 2) is **GRANTED**. Costner is not required to pay the entire filing fee, but she is required to pay a $200 filing fee.

2. Costner's Complaint (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE**. The Court **GRANTS** Costner leave to file an amended complaint in substantial compliance with this Court's analysis above. **Costner must file her Amended Complaint within forty-five (45) days of the issuance of this Order.**

3. Failure to file an amended complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without future notice.

DATED: May 13, 2024

Amanda K. Brailsford
U.S. District Court Judge