UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHERYLYNN COSTNER,<br><br>    Plaintiff,<br><br>    v.<br><br>HARVARD BUSINESS SERVICES, INC., ET AL.,<br><br>    Defendants. | Case No. 2:23-cv-00539-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Pending before the Court is pro se Plaintiff Cherylynn Costner's Amended Complaint. (Dkt. 6). Costner initiated this lawsuit in December 2023 by filing her Complaint and In Forma Pauperis Application. (Dkts. 1, 2). In the Initial Review Order, the Court granted Costner's In Forma Pauperis Application and dismissed the Complaint without prejudice for failure to state a claim. (Dkt. 4). The Court granted Costner leave to amend, and she has since submitted an Amended Complaint for this Court to review. (Dkt. 6). For the reasons explained below, the Court dismisses Costner's Amended Complaint with prejudice for failure to state a claim and failure to comply with the filing deadline ordered by the Court in the Initial Review Order.

**LEGAL STANDARD**

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To state a claim upon which relief can be granted, a plaintiff's complaint

must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs--whether represented or not--have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## ANALYSIS

In her initial Complaint, Costner brought 42 U.S.C. § 1983 claims, alleging generally that she was deprived of her civil rights. On May 13, 2024, this Court dismissed the Complaint for failure to state a claim upon which relief may be granted and ordered Costner to cure the deficiencies in the Complaint within forty-five (45) days of the order if she chose to proceed. (Dkt. 4 at p. 5). The Court indicated that failure to file an amended complaint within this time frame would result in the Complaint's dismissal with prejudice. (Dkt. 4 at p. 5).

As noted in the Initial Review Order, to state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff cannot simply restate standards of law in a complaint. Likewise, a plaintiff must provide more than conclusory statements that a defendant harmed the plaintiff. *Iqbal*, 556 U.S. at 678. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and

the plaintiff's alleged injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Id.* at 679. Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, the Amended Complaint consists of confusing and conclusory statements, fails to plead the elements for any claim, presents unclear allegations, and does not allege facts sufficient to support review of the claims. Although Costner provides her Amended Complaint is brought under § 1983, she does not specify how each Defendant, private or public, was involved in an alleged violation of her constitutional rights. Costner also does not include facts as to how the private defendants acted as public entities "under the color of law" as is required for a § 1983 claim. For example, Costner alleges Defendants "conspire[ed] to Violate the Klu Klux Klan Act; Fraud in the Inducement; Undue Influence; Elder Abuse for Financial Gain; Separation of Powers, RICO and Obstruction of Justice caused by the acts and omissions of each and all defendant [sic] working one with another to deprive COSTNER of her of her [sic] basic fundamental rights under color of law and legal authority." (Dkt. 6 at p. 1). Another example is her first claim, conspiracy to violate the Klu Klux Klan Act, where Costner alleges:

> Defendants Harvard Business Solutions, Inc., John A. Fallone used Fraud in the Inducement to lure plaintiff into an Unconstitutional scheme to deprive her of har [sic] most basic fundamental right to Equal Protection of the Laws of the United States and disclosure of the records and the participants of the co-conspirators seeking with willful, intentional and knowing deprivation of her "*inalienable rights*" granted by "*The Creator*" (God) entering the Nevada Corporation into a C Corporation status in Delaware forcing her under duress and Undue Influence to allow her Nevada corporation to become corrupted by the unlawful transfer into Delaware for an unconstitutionally developed turnkey Racketeering Influenced Corrupt Organizations designed structure that would steal all of her assets without

<blockquote>
consideration or disclosure of the identity of the thieving individuals protected by the Delaware Attorney General and Secretary of State, resulting in defendants sued in their official capacity whose offices directed plaintiff to file the civil action in this case as co-conspirators to fellow conspirators under the protection of state actors Kathy Jennings, AD and Jeffrey Vollock, SOS of Delaware.
</blockquote>

(Dkt. 6 at p. 7) (emphasis in original).

As currently pleaded, Costner's Amended Complaint still fails to state a claim upon which relief may be granted. The Court acknowledges that Costner did amend her complaint to provide additional facts, but these additional facts, such as details related to her upbringing (Dkt. 6 at pp. 14-15), do not support any elements of the laws allegedly violated. Without relevant facts to support the elements in the laws plead, Costner fails to state a claim for relief.

Additionally, Costner pleads violations of criminal codes for alleged "Fraud in the Inducement," "Elder Abuse for financial gain" under Oregon state criminal codes, "RICO," and "obstruction of justice" (Dkt. 6 at pp. 8-15). Criminal statutes, however, do not provide private citizens with civil causes of action, meaning private suits cannot be brought for violations of these codes. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). To the extent Costner alleges violations of these statutes, she fails to state a plausible claim for relief. Accordingly, the Court dismisses the Amended Complaint for failure to state a claim.

Moreover, the filing of Costner's Amended Complaint is untimely. The Court instructed that an amended complaint must be filed within forty-five days of the issuance of the Initial Review Order and that "Failure to file an amended complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without future notice." (Dkt. 4 at p. 5). The Initial Review Order issued on May 13, 2024, so Costner had until June 27 to submit an amended complaint; however, she did not file the Amended Complaint until July 1, 2024. (Dkt. 6). A district court has discretion to dismiss a pro se plaintiff's complaint, with prejudice, when a litigant fails

<blockquote>
SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4
</blockquote>

to comply with earlier court orders, resulting in "undue delay" or "repeated failure to cure deficiencies by amendments previously allowed." *Doe v. Federal District Court*, 467 Fed. App'x 725, 728 (9th Cir. 2012); *see also Moton v. Wetzel*, 803 Fed. App'x 589, 591-92 (3d Cir. 2020). Because Costner failed to state a claim for relief and failed to comply with the Court's Initial Review Order by failing to timely file an amended complaint, the Court dismisses her claims with prejudice.

## ORDER

IT IS ORDERED that:

1. Costner's Amended Complaint (Dkt. 6) is **DISMISSED WITH PREJUDICE**.

DATED: October 07, 2024

Amanda K. Brailsford
U.S. District Court Judge